UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roxane Bernhard and Randy B. Bernhard, | No. 2:20-cv-02353-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| City of Tracy, et al., | |
| Defendants. | |

Roxane and Randy Bernhard brought this section 1983 claim against the City of Tracy and several individual Tracy Police Officers. The defendants move to dismiss the complaint, to dismiss the request for punitive damages, and for a more definite statement. The plaintiffs oppose the motion but withdraw their request for punitive damages. As explained below, the complaint against the City is **dismissed with leave to amend**. The motion is **otherwise denied**.

**I.     BACKGROUND**

On November 23, 2018, Officers Muir and Steele of the Tracy Police Department knocked on the door to the plaintiffs' home. Compl. ¶ 1, ECF No. 1. Several other officers were with them, including officers Wilhurst, Gonzalez, Ortiz, Graham, Bauer and Jesser. *Id.* Roxane Bernhard opened the door but left the screen door locked. *Id.* Officers Muir and Steele asked her to open the screen door and she complied. *Id.* "The two officers demanded entry" and forced their way in when Roxane Bernhard refused to let them inside. *Id.* The other individual officers

1

1   also "entered the premises . . . without consent." *Id.* Roxane Bernhard and her son Randy

2   Bernhard "were ordered to stay in the living room for seven hours while officers rummaged

3   through all of the rooms of the house . . . [and] took a cell phone from Roxane Bernhard over her

4   objection." *Id.*

5         The plaintiffs have brought this 42 U.S.C. § 1983 action against the City and the

6   individual police officers, alleging the officers violated the plaintiffs' Fourth and Fourteenth

7   amendment rights by entering the plaintiffs' home without consent. *Id.* ¶ 11. The defendants

8   move to dismiss the complaint entirely or in the alternative to dismiss the request for punitive

9   damages under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 5. The defendants also

10  move for a more definite statement under Federal Rule of Civil Procedure 12(e). *Id.* The

11  plaintiffs oppose the motion but withdraw their prayer for punitive damages, Opp'n, ECF No. 7

12  and the defendants have replied, Reply, ECF No. 8. The court submitted the matter without oral

13  argument.

14  **II.   MOTION TO DISMISS**

15        A party may move to dismiss for "failure to state a claim upon which relief can be

16  granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a

17  "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

18  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court

19  assumes all factual allegations are true and construes "them in the light most favorable to the

20  nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).

21  A complaint need contain only a "short and plain statement of the claim showing that the pleader

22  is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v.*

23  *Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations;

24  "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S.

25  662, 678 (2009). In the same vein, conclusory or formulaic recitations elements do not alone

26  suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

27        The court begins with the claim against the City. "To prove a case under section 1983, the

28  plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action

2

1    resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*,
2    297 F.3d 930, 934 (9th Cir. 2002); 42 U.S.C. § 1983.  A municipal government's liability under
3    section 1983 cannot be based on "a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*
4    *of City of New York*, 436 U.S. 658, 694 (1978).  A plaintiff must prove: "(1) that [the plaintiff]
5    possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a
6    policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right;
7    and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v.*
8    *City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).  The Ninth Circuit
9    recognizes four theories that establish municipal liability under *Monell*: "(1) an official policy; (2)
10   a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or
11   act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th
12   Cir. 2019).

13          Here, the complaint appears to identify two unconstitutional policies or practices.  First,
14   the complaint alleges each defendant, including the City, "consented to and ratified" all the
15   actions of the other defendants.  Compl. ¶ 5.  Although a plaintiff may state a claim under *Monell*
16   by alleging an "official with final policy-making authority ratified a subordinate's
17   unconstitutional decision or action and the basis for it," *Gillette v. Delmore*, 979 F.2d 1342,
18   1346–57 (9th Cir. 1992), "conclusory allegations," such as those here, "do not support a claim for
19   violation of [a plaintiff's] constitutional rights under § 1983," *Woodrum v. Woodward Cty., Okl.*,
20   866 F.2d 1121, 1126 (9th Cir. 1989).  The complaint must "contain sufficient allegations of
21   underlying facts to give fair notice" of the plaintiff's claims and allow the municipal government
22   "to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir.
23   2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  A plaintiff's allegations
24   "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing
25   party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*,
26   652 F.3d at 1216).  The generic ratification allegations here do not meet that standard.

27          Second, the plaintiffs allege the City failed "to train its officers in the basic principles of
28   Fourth Amendment law, including the necessity of consent, in the absence of a warrant." Compl.

¶ 14. A municipality's failure to train employees may rise to the level of an official policy under *Monell* only if the omission amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation marks, citations omitted). Deliberate indifference must be shown either by a single violation with a "highly predictable consequence," *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 398 (1997), or a pattern of similar constitutional violations, *Connick*, 563 U.S. at 62 (citation omitted). The plaintiffs do not allege the City was aware of a pattern of similar violations, and their allegation about the City's poor training is a mere conclusion, not a factual allegation, so it is not entitled to a presumption of truth. *See Hernandez*, 666 F.3d at 637.

The court therefore dismisses the section 1983 claim against the City, but with leave to amend if amendment is possible within the confines of Rule 11. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

The court turns next to the claims against the individual officers. The defendants make no argument that the claim against Officers Muir and Steele should be dismissed. They argue only that Officers Willurst, Gonzalez, Ortiz, Graham, Bauer and Jesser should be dismissed because the "[c]omplaint makes no mention of [these] officers entering the residence or engaging in any conduct that violated [p]laintiffs' constitutional rights." Mot. at 4–5. The defendants also argue these officers are protected by qualified immunity for the same reason, but they do not dispute that clearly established law at the relevant time prohibited warrantless searches and seizures without consent. *See id.* at 6 ("[T]he Fourth Amendment has long recognized the right to privacy in one's home and curtilage . . . ."). Therefore, the question for this court to resolve is whether the complaint's factual allegations permit a plausible inference that Officers Willurst, Gonzalez, Ortiz, Graham, Bauer and Jesser violated the plaintiffs' Fourth Amendment rights against unreasonable searches and seizures.

4

In considering whether pleadings are sufficient to allege an officer deprived a plaintiff of her constitutional rights, the court bears in mind the ultimate individualized and focused inquiry such a claim requires into "the duties and responsibilities of each individual defendant['s] . . . acts or omissions. . . ." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). An individual officer cannot be liable under section 1983 simply based on his or her membership in a group; a plaintiff must "show[] [the officer's] individual participation in the unlawful conduct." *Jones*, 297 F.3d at 935 (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). An officer may be liable for the conduct of others where he or she has been an integral participant in the alleged constitutional violation. *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). Under the integral participant rule, each officer's individual actions need not "rise to the level of a constitutional violation." *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). Rather, the question is whether an officer meaningfully participated in the conduct that violated the plaintiff's rights. *Id.* "[A]n officer who does not enter an apartment, but stands at the door, armed with his gun, while other officers conduct the search, can . . . be a 'full, active participant' in the search" and subject to liability. *Id.* But "an officer who waits in the front yard . . . and does not participate in the unconstitutional search in any fashion cannot be held liable." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009).

Here, the complaint briefly but clearly alleges that every officer named as a defendant "entered the premises of the Plaintiffs without consent." Compl. ¶ 1. It also alleges "[t]he officers . . . pushed their way in saying they had a right to detain [p]laintiff" and "rummaged through all of the rooms of the house." *Id.* At this stage, the court must view these allegations as true and draw reasonable inferences in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678. It is reasonable to infer that when the complaint refers broadly to "officers" or "the officers" in paragraph one, it refers to all of the officers named as defendants. *See* Compl. ¶ 1. The plaintiffs' allegations therefore state a claim against all of the individual officers as integral participants in the asserted search and seizure. *See Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 927 (E.D. Cal. 2015) (denying motion to dismiss because plaintiffs alleged "each defendant participated in the raid of their home, held them at gunpoint, handcuffed plaintiffs . . . and held

5

plaintiffs in custody for four hours," permitting the inference each officer was integral participant). The court denies the motion to dismiss the claim against the individual officers, which may be included as currently pled in any amended complaint.

### III. MOTION TO STRIKE

The defendants move in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e). Mot. at 8. They argue they cannot prepare a defense without detailed allegations about why officers wanted to enter the plaintiffs' home. *Id.* at 9. Rule 12(e) permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This rule "is designed to strike at unintelligibility, rather than want of detail." *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 15-861, 2016 WL 829311, at *2 (E.D. Cal. Mar. 3, 2016) (citations omitted).

In light of the court's resolution of the motion to dismiss above, the only remaining allegations are those against each of the individual officers. These allegations provide notice to the defendants of the substance of the plaintiffs' claim in this respect: officers allegedly violated the plaintiffs' constitutional rights by entering and searching their home without a warrant or permission. The complaint is not so vague that the officers cannot prepare a response. *See Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) ("A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." (citation and internal quotation marks omitted)). Moreover, the defendants seek additional details they should be able to learn easily from the officers themselves.

The court denies the motion for a more definite statement.

### IV. CONCLUSION

The court **grants the motion to dismiss in part with leave to amend**: (1) Because the plaintiffs have withdrawn their request for punitive damages, the motion to dismiss the request for punitive damages is **granted as unopposed**; (2) the claim against the City of Tracy is **dismissed with leave to amend**; (3) the motion to dismiss the claims against the individual officers is **denied**.

1       The court **denies** the motion for a more definite statement.

2       Any amended complaint must be filed **within twenty-one days**.

3       This order resolves ECF No. 5.

4       IT IS SO ORDERED.

5   DATED: June 15, 2021.

6

_____
CHIEF UNITED STATES DISTRICT JUDGE