UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANE BERNHARD and RANDY B. BERNHARD,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF TRACY, et al.,<br><br>    Defendants. | Case No. 2:20-cv-2353-KJM-KJN<br><br>ORDER ON DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS, AND ORDER TO SHOW CAUSE<br><br>(ECF No. 19.) |

    On March 2, 2022, defendants filed a motion to compel responses to requests for productions of documents and special interrogatories, served on plaintiffs on November 17, 2021.[1]  (ECF No. 19.)  In the motion, defendants asserted they have not received any discovery responses from plaintiffs' counsel, despite defense counsel's letter and voicemail message in an attempt to meet and confer.  (Id.)  Plaintiff did not file any opposition to the motion and failed to appear at the hearing on the April 12, 2022.  (ECF Nos. 21, 22.)  At the hearing, defense counsel stated he left another unanswered voicemail with plaintiffs' counsel on Friday, April 8, 2022, and noted plaintiffs' failure to respond is a pattern as plaintiffs have yet to complete the required initial disclosures originally due in July 2021.  (See ECF No. 13, ordering initial disclosures to be transmitted by July 1, 2021.)

---

[1] This case is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

Given plaintiffs' failure to respond to the discovery requests, failure to file opposition to defendants' motion, and failure to appear at the April 12, 2022, the court GRANTS defendants' motion to compel. Plaintiffs shall, within 14 days of this order, respond to all discovery requests in defendants' request for production (set one) and special interrogatories (set one). All objections are waived. Further, plaintiffs shall pay $750 in attorney's fees to defendant's counsel which the court finds a reasonable sanction. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(A); 37(a)(5)(A).

Additionally, the court's docket suggests plaintiffs' last appearance in this action was on June 17, 2021, and last filing was a joint status report on May 19, 2021. (See Docket Entry for June 23, 2021; ECF No. 11.) Even after District Judge Mueller issued an order to show cause why the court should not dismiss the City of Tracy for lack of prosecution, plaintiffs did not respond, and the court dismissed the City of Tracy with prejudice. (See ECF Nos. 15, 17.) Given this conduct, plaintiffs are ordered to show cause why this action should not be dismissed with prejudice in its entirety for failure to prosecute. See Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3) (noting that allowable sanctions include "dismissing the action or proceeding in whole or in part"); Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) ("'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault."); Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990); ("A court may consider prior misconduct when weighing a subsequent sanction motion."); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, within 14 days of this order, plaintiff shall:

1. Respond to defendants' requests for production and interrogatories;
2. Pay defendants a reasonable attorney's fee of $750; and
3. Show cause in writing why this action should not be dismissed for failure to prosecute.

Dated: April 13, 2022

bern.2353

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE